BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | No. CR 07-0381 MAG |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| ISSA FIAD, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Issa Fiad will appear for sentencing on June 12, 2008 based upon his guilty plea to possession of an identification document with the intent to defraud the United States, in violation of Title 18 U.S.C. § 1028(a)(4). According to the presentence report (PSR), since he has no prior convictions, under the advisory sentencing guidelines, Mr. Fiad is in Criminal History Category I with a final offense level of 4. The PSR recommends imposition of a three-year term of probation and a $25 special assessment. That recommendation is identical to the parties' plea agreement. Consequently, Mr. Fiad requests that the Court impose the recommended sentence.

The one area of significant disagreement is a simple one: Mr. Fiad objects to one of the suggested conditions of probation, a search condition. As argued below, this condition is a wholly unmerited intrusion on Mr. Fiad's personal liberty and should not be imposed.

DEFT SENT MEMO                             - 1 -
*U.S. v. Fiad*, CR 07-0381 MAG

**UNRESOLVED PSR OBJECTIONS**

Before reaching the argument regarding the search condition, Mr. Fiad briefly addresses the unresolved objections listed at the end of the PSR. There are seven such objections. Had he been given the opportunity of a "meet and confer," Mr. Fiad would likely have resolved most of those objections in advance of sentencing. In any event, in light of the broad consensus reached regarding the recommended sentence, resolution of the objections appears unnecessary. If the Court does not intend to rely on the disputed matters in imposing sentence, Mr. Fiad will agree to simply leave them unaddressed. The only remaining issue is the objectionable search condition, discussed below.

**DISCUSSION**

I.  **The Nature of this Case and Mr. Fiad's Unique History Supports the Recommended Sentence.**

Issa Fiad was born and raised in the Gaza Strip. The offense which brings him before this Court had its genesis in the ancient culture of his homeland. As he has explained repeatedly–to immigration officials, attorneys and now this Court, Mr. Fiad and the mother of his children created a fiction years ago to protect themselves from grave danger. When they were young people living in Gaza, she became pregnant. Pregnancy out of wedlock was a mortal sin – in the truest sense of the word. She risked becoming the victim of an honor killing. Issa faced a less dire fate, but still stood to be seriously punished. In order to avoid this outcome, the couple devised a scheme whereby they convinced their Gaza neighbors that they had married in Egypt. Issa obtained Egyptian travel documents that supported this fiction. The ruse was successful. The problem for Issa Fiad arose when he committed the error in judgment of presenting his false Egyptian travel documents to United States immigration authorities as a part of his asylum application years later. It is for this conduct that he has been charged and now stands convicted.

In contemplating the proper sentence to impose, the Court should take into account the unique history and characteristics of Mr. Fiad. Rendered stateless by the Middle East conflict, Mr. Fiad emigrated to this country and started his own business to provide for himself and his children. In the

many years since his arrival, he has suffered no criminal convictions. He has remained free from the scourge of substance abuse afflicting so many native-born Americans. He has learned our language, adopted our customs and assimilated into our culture.

As adverted to above, Mr. Fiad is at odds with only one aspect of the PSR sentencing recommendation: the search condition. He strongly urges the Court not to impose that restraint.

### II.    The Unduly Intrusive Warrantless Search of Mr. Fiad's Home Should Not Be Permitted.

Issa Fiad objects to the suggestion in the PSR that he be subject to a special search condition "based on reasonable suspicion of contraband or evidence of a violation of release." PSR Sentencing Recommendation. At the outset, it is important to note that this is not a standard condition of federal probation. Many probationers are successfully supervised without ever having to endure the threat of the warrantless search of their homes. There is nothing about this case that supports imposition of such an intrusive condition.

A pre-approved probation search for contraband only makes sense when a probationer has a prior history of the possession, use or trafficking in contraband. A pre-sanctioned search for possible violations of release might make sense where one has a prior history of problems on supervision. Issa Fiad has no history of either. He does not use controlled substances or alcohol and he has no prior convictions and thus, no history of supervision problems. All indications are that he will be a model probationer.

Moreover, even without such a troubling condition, the Probation Office will be free to bring to the Court's attention anything discovered in plain view during a home visit. Further, should the situation arise, the office is free to seek a later modification of probation to add a search condition.

There is simply no need at this juncture to impose a condition allowing the warrantless search of Issa Fiad's home by a probation officer. Early in his life, Mr. Fiad was forced to submit to the intrusions of a powerful authority in his everyday life --- the Israeli army. He should not be made to endure new incursions in this country.

DEFT SENT MEMO                             - 3 -
*U.S. v. Fiad*, CR 07-0381 MAG

**CONCLUSION**

For all of the foregoing reasons, Issa Fiad respectfully requests that the Court impose a sentence of three years probation, without a search condition.

Dated: June 10, 2008

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

        /s/

        RONALD C. TYLER
        Assistant Federal Public Defender